IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| [To be consolidated into:<br>IN RE TESTMASTERS TRADEMARK<br>LITIGATION]<br><br>TEST MASTERS EDUCATIONAL<br>SERVICES, INC.,<br>　　　　Plaintiff,<br><br>v.<br><br>ROBIN SINGH EDUCATIONAL<br>SERVICES, INC. and ROBIN SINGH,<br><br>　　　　Defendants. | CIVIL ACTION NO. _____ |

## COMPLAINT FOR TRADEMARK
## INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION

Plaintiff Test Masters Educational Services, Inc. ("Plaintiff" or "Test Masters Educational Services"), appearing through the undersigned counsel, files this Complaint against Defendants Robin Singh Educational Services, Inc. and Robin Singh (collectively, "Defendants"). Test Masters Educational Services alleges as follows based on present knowledge, information, and belief:

### PRELIMINARY STATEMENT

This Court is well aware of the protracted prior litigation between Test Masters Educational Services and Defendants, and related parties, over the trademark TESTMASTERS, including those cases consolidated in *In re Testmasters Trademark Litigation*, 4:04-MD-1646. The orders of this Court, repeatedly affirmed by the Fifth Circuit, have conclusively established Defendants' inability to establish secondary meaning in the mark TESTMASTERS anywhere in

the United States. Accordingly, Defendants have no rights in that mark. However, the prior litigation has not determined the full extent of Test Masters Educational Services' rights in the mark TESTMASTERS, and has not addressed the parties' respective rights to use that mark in commerce (except for limited findings and orders relating to use of the mark in Texas). Nor can the pending *Beck* lawsuit (without the addition of the Singh parties) determine those rights.

Similarly, the current Trademark Trial and Appeal Board ("TTAB") proceedings between Test Masters Educational Services and Defendant Robin Singh Educational Services, Inc. (discussed below) cannot resolve the parties' dispute, because the TTAB has no authority over the parties' *use* of the mark. Additionally, as explained in Section 510.02(a) of the TTAB Manual of Procedure (available at http://www.uspto.gov/go/dcom/ttab/tbmp), in a case like this one involving "issues in common with those in a proceeding before the Board, the decision of the Federal district court is often binding upon the Board, while the decision of the Board is not binding upon the court." Moreover, even if the TTAB proceedings were to continue, any party dissatisfied with the decision may "have remedy by a civil action" in lieu of an appeal to the Federal Circuit, 15 U.S.C. § 1071(b)(1), and such civil action would properly be filed in (or transferred to, pursuant to the MDL) this Court.

Test Masters Educational Services therefore brings this complaint to completely and finally resolve all of the trademark issues (including use of the mark TESTMASTERS) between the parties and enjoin Defendants' improper use of the mark.

## PARTIES

1.  Test Masters Educational Services is a Texas corporation having a business address of 13100 Southwest Freeway, Sugar Land, Texas 77478.

2. Defendant Robin Singh Educational Services, Inc. is a California corporation having a business address of 1620 26th Street, Suite 1000 North, Santa Monica, CA 90404. Third-Party Defendant Robin Singh is an individual having a business address of having a business address of 1620 26th Street, Suite 1000 North, Santa Monica, CA 90404. Robin Singh is the founder and predecessor-in-interest of Robin Singh Educational Services, Inc., and has controlled the activities of Robin Singh Educational Services, Inc. complained of herein. Both defendants have done business as "Testmasters."

## NATURE OF THIS ACTION; JURISDICTION OF THE COURT

3. This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act").

4. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

5. A case of actual controversy within this Court's jurisdiction exists between the parties concerning these rights. This Court is authorized to declare the rights of the parties in this case pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202, and is authorized to determine the right to registration under 15 U.S.C. § 1119.

6. The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Accordingly, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

7. This case is related to infringement of the mark TESTMASTERS at issue in the Multidistrict Litigation styled *In re Testmasters Trademark Litigation*, 4:04-MD-1646, and should be automatically consolidated into the centralized proceedings in that case, pursuant to

this Court's Order of May 13, 2005. Also pursuant to that Order, Test Masters Educational Services is notifying the Multidistrict Litigation Panel of this action.

## FACTS

**A.     Test Masters Educational Services, Its Trademark Rights, and History of the Parties' Trademark Dispute**

8.     Since at least as early as 1991, Test Masters Educational Services has used the marks TEST MASTERS and TESTMASTERS in connection with test preparation services and related goods and services, including classroom courses, online courses, and test preparation books and other course materials ("the TESTMASTERS mark").

9.     Test Masters Educational Services has invested significant money and effort advertising and promoting its TESTMASTERS mark and the goods and services sold under that mark, and has developed secondary meaning and valuable goodwill in that mark.

10.    Test Masters Educational Services' TESTMASTERS mark is distinctive, serving to identify and indicate the source of Test Masters Educational Services' products and services to the consuming public, and to distinguish Test Masters Educational Services' products and services from those of others.

11.    Test Masters Educational Services owns valid and enforceable rights in its TESTMASTERS mark.

12.    As recounted in *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559 (5th Cir. 2005), there has been a long history of litigation between Test Masters Educational Services and Defendants, before both the federal courts and the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office ("USPTO").

13.    Currently pending before the Trademark Trial and Appeal Board is Defendant Robin Singh Educational Services' consolidated Oppositions to Test Masters Educational

4

Services' three applications to register the mark TEST MASTERS and TESTMASTERS, Serial Nos. 76456163, 76413999, and 76306308 (Opposition Nos. 91163136, 91164627, and 91171241, hereinafter "Defendants' Consolidated Oppositions").

14. Federal court litigation between these parties began when Test Masters Educational Services filed suit against Defendant Singh, the predecessor-in-interest of Defendant Robin Singh Educational Services, in the Southern District of Texas on August 30, 1999. That case was consolidated with Singh's later-filed California case, resulting in a jury trial in the Southern District of Texas in February 2001. The jury found that Defendants' alleged mark TESTMASTERS was descriptive, a finding that Singh did not contest on appeal. *Test Masters Educ. Servs., Inc. v. Singh*, 2002 WL 1940083 (5th Cir. 2002) at *3 ("*Testmasters I*").

15. The Fifth Circuit ruled on July 24, 2002 that Singh failed to sustain his burden of proving that his mark had acquired secondary meaning and remanded "for entry of an order that Singh's trademark is invalid." *Testmasters I*, 2002 WL 1940083, at *5. As a result, Singh's Registration No. 2234514 for the mark TESTMASTERS was cancelled pursuant to 15 U.S.C. § 1119. On information and belief, after this Fifth Circuit ruling, defendant Singh incorporated and began doing business as Robin Singh Educational Services, Inc.

16. Two days after the Fifth Circuit's decision, Singh filed an additional trademark application (Serial No. 78/148,012) for that mark. Singh also filed another suit in California, which was transferred to the Southern District of Texas and dismissed based on res judicata. Singh again appealed to the Fifth Circuit, resulting in *Test Masters Educ. Services, Inc. v. Singh*, 428 F.3d 559 (5th Cir. 2005) ("*Testmasters II*"). The Fifth Circuit considered again the issue of secondary meaning (noting with some dismay Singh's decision to file a new application two days after it had found Singh's alleged mark invalid, *id.* at 568, 578) and determined once again that Singh's alleged mark lacked secondary meaning. *Id.* at 576.

5

17.   In 2003, Robin Singh Educational Services, Inc. filed an additional suit in California, alleging infringement of the mark TESTMASTERS by Excel Test Prep, Inc. That case was transferred to this Court and dismissed on summary judgment. Again, the Fifth Circuit affirmed, finding Singh's claims barred by collateral estoppel and noting that "Singh failed to establish secondary meaning *anywhere* in the United States, and therefore is estopped from trying to re-establish 'secondary meaning' anywhere in United States." *Robin Singh Educational Services Inc. v. Excel Test Prep Inc.*, 2008 WL 1746993 at *4, 86 U.S.P.Q.2d 1430 (5th Cir. 2008).

18.   The end result of the federal court proceedings is a determination that Defendants' purported mark TESTMASTERS is descriptive with no secondary meaning, and thus invalid.

**B.   Defendants and Their Infringing Activities**

19.   Despite the rulings of this Court and the Fifth Circuit, and despite Test Masters Educational Services' valid and enforceable rights in its TESTMASTERS mark, Defendants continue to do business under the name "Testmasters" and to offer and actively market test preparation services under the alleged TESTMASTERS mark.

20.   Defendants have used the mark TESTMASTERS in Texas in violation of Test Masters Educational Services' trademark rights and this Court's lawful Order.

21.   As the holdings of this Court and the Fifth Circuit make clear, Defendants' alleged TESTMASTERS mark is invalid, and Defendants have no rights in such a mark.

22.   Defendants are not now and never have been authorized by Test Masters Educational Services to use the TESTMASTERS mark or any other name or mark confusingly similar to the TESTMASTERS mark.

23. Defendants are using in commerce the mark and name TESTMASTERS wrongfully, willfully, and in bad faith in order to confuse or deceive consumers into believing that their services actually emanate from Test Masters Educational Services or are sponsored or endorsed by Test Masters Educational Services or otherwise affiliated with Test Masters Educational Services.

### C. Effect of Defendants' Activities

24. Defendants' unauthorized use of the mark and name TESTMASTERS in the manner described above is likely to cause confusion, to cause mistake, and/or to deceive the public as to some affiliation, connection, or association of Defendants with Test Masters Educational Services or as to the origin, sponsorship, or approval of their services by Test Masters Educational Services.

25. Defendants' unauthorized use of the mark and name TESTMASTERS in the manner described above has caused actual confusion as to the origin, sponsorship, or approval of their services by Test Masters Educational Services.

26. Defendants' unauthorized use of the mark and name TESTMASTERS in the manner described above enables Defendants to trade on and receive the benefit of goodwill built up by Test Masters Educational Services at great labor and expense over many years, and to gain acceptance for their business not solely on their own merits, but on the reputation and goodwill associated with Test Masters Educational Services' marks, products, and services.

27. Defendants' unauthorized use of the mark and name TESTMASTERS in the manner described above removes from Test Masters Educational Services the ability to control the nature and quality of products and services provided under its mark, and places the valuable

reputation and goodwill of Test Masters Educational Services in the hands of Defendants, over whom Test Masters Educational Services has no control.

28. Defendants' unauthorized use of the mark TESTMASTERS in the manner described above occurred after Test Masters Educational Services had developed rights in the TESTMASTERS mark.

29. Unless restrained by this Court, these acts of Defendants will continue, and they will continue to cause irreparable injury to Test Masters Educational Services and to the public for which there is no adequate remedy at law.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT

30. Test Masters Educational Services repeats the allegations above as if fully set forth herein.

31. The acts of Defendants complained of herein constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

32. Defendants' acts complained of herein have been malicious, deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of Test Masters Educational Services' rights in its TESTMASTERS mark, and with an intent to trade on the goodwill associated with that mark. In view of the nature of Defendants' infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

### COUNT II: FEDERAL UNFAIR COMPETITION

33. Test Masters Educational Services repeats the allegations above as if fully set forth herein.

34. The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### COUNT III: TRADEMARK INFRINGEMENT UNDER THE COMMON LAW OF TEXAS

35. Test Masters Educational Services repeats the allegations above as if fully set forth herein.

36. The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of Texas. Such infringement has been willful and malicious.

### COUNT IV: UNFAIR COMPETITION UNDER THE COMMON LAW OF TEXAS

37. Test Masters Educational Services repeats the allegations above as if fully set forth herein.

38. The acts of Defendants complained of herein constitute unfair competition in violation of the common law of Texas.

### COUNT V: DILUTION UNDER TEXAS LAW

39. Test Masters Educational Services repeats the allegations above as if fully set forth herein.

40. The acts of Defendants complained of herein constitute dilution of the distinctive quality of the TESTMASTERS mark in violation of the Texas Anti-Dilution Statute, Tex. Bus. and Com. Code § 16.29.

## COUNT VI: RIGHT TO REGISTRATION

41. Test Masters Educational Services repeats the allegations above as if fully set forth herein.

42. This Court has the power, pursuant to 15 U.S.C. § 1119 and 28 U.S.C. § 2201, to determine parties' rights to registration of trademarks, and to certify decrees and orders relating thereto to the Director of the USPTO, who shall make appropriate entry upon the records of the USPTO and shall be controlled thereby.

43. Defendants' alleged TESTMASTERS mark is invalid, and Test Masters Educational Services is the rightful owner of rights in the TESTMASTERS mark. Therefore, Test Masters Educational Services' applications should not be refused under any grounds set forth in Defendants' Consolidated Oppositions, and those Consolidated Oppositions should be rejected.

## PRAYER

WHEREFORE, Test Masters Educational Services requests that:

(a) Defendants, Defendants' agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be permanently enjoined from using the term "TESTMASTERS" or "TEST MASTERS" as all or any part of any name or mark and from using any name or mark which, when used on or in connection with the Defendants' goods or services, is likely to cause confusion or mistake about the source, sponsorship or affiliation of Defendants' goods and services in relation to Test Masters Educational Services' goods and services;

(b) Defendants be ordered to file with this Court and to serve upon Test Masters Educational Services, within 30 days after the entry and service on Defendants of

an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(c) The Court issue an order certified to the Director of the USPTO pursuant to 15 U.S.C. § 1119 decreeing that Test Masters Educational Services has the right register the marks in Application Serial Nos. 76456163, 76413999, and 76306308, and that Defendants' Consolidated Oppositions (Nos. 91163136, 91164627, and 91171241) be rejected;

(d) Test Masters Educational Services recover its reasonable attorney fees;

(e) Test Masters Educational Services recover the costs of this action, and pre- and post-judgment interest; and

(f) Test Masters Educational Services recover such other relief as the Court may deem appropriate.

                          Respectfully submitted,

*[signature]*

Stephen P. Meleen
Attorney-in-charge
Texas Bar No. 00795776
Southern District of Texas Bar No. 24154
PIRKEY BARBER LLP
600 Congress Avenue, Suite 2120
Austin, TX  78701
(512) 322-5200
(512) 322-5201 (facsimile)

ATTORNEYS FOR PLAINTIFF
TEST MASTERS EDUCATIONAL SERVICES, INC.

Of Counsel:

Louis T. Pirkey
Texas Bar No. 16033000
Southern District of Texas Bar No. 391
Susan J. Hightower
Texas Bar No. 24027077
Southern District of Texas Bar No. 592621
PIRKEY BARBER LLP
600 Congress Avenue, Suite 2120
Austin, TX  78701
(512) 322-5200
(512) 322-5201 (facsimile)