IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

TEST MASTERS EDUCATIONAL          §
SERVICES, INC.,                   §
        Plaintiff,         §
                                  §
v.                                §      CIVIL ACTION NO. H-08-1771
                                  §
ROBIN SINGH EDUCATIONAL           §
SERVICES, INC., *et al.*,         §
        Defendants.        §

## MEMORANDUM AND ORDER

This trademark dispute is before the Court on the Motion for Reconsideration ("Singh's Motion") [Doc. # 224] filed by Defendants Robin Singh Educational Services, Inc. d/b/a TestMasters and Robin Singh (collectively, "Singh"), to which Plaintiff Test Masters Educational Services, Inc. ("TES") filed a Response and Cross-Motion for Relief from Judgment ("TES's Motion") [Doc. # 230], Defendants filed a Reply [Doc. # 232] in support of their Motion for Reconsideration and a separate Response [Doc. # 234] to TES's Motion, and TES filed a Reply [Doc. # 236] in support of its Motion.  Both parties seek reconsideration or modification of the Court's Memorandum and Order [Doc. # 185] issued April 5, 2013, ruling on the parties' dispositive motions.  Also pending is Singh's "Contingent Motion for Leave

to Amend Counterclaims" ("Motion to Amend") [Doc. # 229], to which TES filed a Response [Doc. # 233], and Singh filed a Reply [Doc. # 235].

The Court has reviewed the parties' motions and the extensive record in this case. Based on this review, and the application of relevant legal authorities, the Court **denies** Singh's Motion for Reconsideration and Motion to Amend, and denies TES's Motion for Relief from Judgment except to the extent that the Final Judgment will reflect that issues relating to Singh's alleged violation of the Permanent Injunction issued by the Honorable Vanessa Gilmore were not reached by this Court's April 2013 Memorandum and Order.

## I.   <u>BACKGROUND</u>

The background of this dispute involving competing claims to the "Testmasters" trademark[1] by two companies that each provide test preparation services is set forth fully in the Court's April 2013 Memorandum and Order. Briefly, Plaintiff TES provides test preparation services to assist individuals to pass or achieve higher scores on standardized tests, primarily but not exclusively engineering licensing examinations. Defendants Robin Singh Educational Services, Inc. and its

---

[1]      The parties at various times have described the trademark as "Testmasters," "TestMasters," and/or "Test Masters." They each assert superior rights to the trademark in all iterations. For purposes of simplicity, the Court will refer to the subject trademark as "Testmasters" or the "Mark."

owner, Robin Singh, do business outside of Texas under the name TestMasters, offering test preparation services in the District of Columbia and in all states except Texas, primarily but not exclusively Law School Admissions Test ("LSAT") preparation courses.

Singh sought a federal registration for the "TestMasters" Mark in 1995, and received the registration in 1999. Also in 1999, Singh discovered that TES owned the "testmasters.com" domain name. Singh's attorney sent TES a demand letter, claiming that TES's use of the domain name infringed Singh's trademark rights. In August 1999, TES filed suit in federal court in Houston, *Test Masters Educ. Servs., Inc. v. Robin Singh d/b/a TestMasters*, Civil Action No. H-99-2781. The case was assigned to Judge Gilmore. In June 2000, Singh filed his own lawsuit against TES, *Robin Singh v. Test Masters Educ. Servs., Inc.*, Civil Action No. H-00-2267.[2] Singh's lawsuit was consolidated into the case already pending before Judge Gilmore. Following discovery in the consolidated lawsuit, Judge Gilmore granted Singh's motion for summary judgment that TES had no rights in the Mark beyond the state of

---

[2] This Court and the Fifth Circuit mistakenly believed that Singh filed his 2000 lawsuit in California. *See* April 2013 Memorandum and Order, p. 4; *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 567 (5th Cir. 2005) ("*TestMasters II*"). It is now understood that the lawsuit was filed in Texas.

Texas.[3]  The remaining claims in the consolidated case were tried to a jury in February 2001.  The jury found that the "Testmasters" mark was descriptive but had acquired secondary meaning.  The jury found also that TES had infringed Singh's trademark, but was an innocent prior user.  Based on the jury's verdict, Judge Gilmore ordered the modification of Singh's trademark registration to give TES the exclusive right to use the Mark in Texas.

Both parties appealed, and the Fifth Circuit issued its decision on July 24, 2002.  The Fifth Circuit noted that the jury found the trademark to be "descriptive," and it conducted its analysis on the basis of the Mark being descriptive and requiring proof of secondary meaning to establish distinctiveness.  *See Test Masters Educ. Servs., Inc. v. Singh*, 2002 WL 1940083, *2 (5th Cir. July 24, 2002) ("*TestMasters I*").  The Fifth Circuit held that Singh had failed to establish secondary meaning, vacated the district court's judgment for Singh, and remanded for an order that Singh's trademark was invalid.  *See id.* at  *5.

On July 26, 2002, two days after the Fifth Circuit's decision in *TestMasters I*, Singh filed a new application with the PTO to register the trademark "Testmasters."  TES filed a Motion for Modification of Final Judgment and Permanent Injunction in Civil Action No. H-99-2781.  Judge Gilmore signed an Order on July 11, 2003,

---

[3]       The ruling was not appealed and is final and non-appealable.

permanently enjoining Singh from "pursuing registration" of the marks in the PTO and from "interfering with or opposing" TES's registration of the Marks.  *See* Doc. # 241 in Civil Action No. H-99-2781.  Judge Gilmore also permanently enjoined Singh from using the Mark in Texas and ordered the cancellation of Singh's trademark issued in 1999.  *See id.*

On June 23, 2003, Singh filed a second lawsuit against TES, this time in California.  The case was transferred to Texas, where it was docketed as *Robin Singh Educ. Servs., Inc. v. Test Masters Educ. Servs., Inc*., Civil Action No. H-03-3348 and assigned to Judge Gilmore.  On October 5, 2004, Judge Gilmore dismissed the case as barred by *res judicata*.  *See* Amended Order [Doc. # 205 in Civil Action No. H-03-3348].  Judge Gilmore stated that Singh's continued refiling of the same claims "to test whether or not the time is yet ripe to relitigate secondary meaning will be, for quite some time, to no avail."  *Id.* at 24.

Singh appealed both the dismissal of Civil Action No. H-03-3348 and the Permanent Injunction issued in Civil Action No. H-99-2781.  On October 18, 2005, the Fifth Circuit issued its decision.  *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559 (5th Cir. 2005) ("*TestMasters II*").  The Fifth Circuit held that Singh's second lawsuit was barred by collateral estoppel and that collateral estoppel would

apply unless "after a significant amount of time had passed an intervening factual change had occurred." *See TestMasters II*, 429 F.3d at 575.

In November 2003, Singh sued Excel Test Prep Inc.[4] ("Excel") in federal court in California, alleging that Excel was improperly using the "Testmasters" trademark. The case was transferred to the federal court in Houston in March 2005, where it was docketed as Civil Action No. H-05-1085, assigned to Judge Gilmore, and then consolidated into a multidistrict case, *In re TestMasters Trademark Litigation*, 04-md-1646. On September 28, 2006, Judge Gilmore granted Excel's Motion for Summary Judgment, holding that the Excel lawsuit was barred by collateral estoppel. *See* Order [Doc. # 105 in Civil Action No. 4:04-md-1646]. In her decision, Judge Gilmore held that Singh was barred from claiming that its use of the Mark had acquired secondary meaning because there was a "lack of evidence to demonstrate that a significant intervening factual change has occurred" and that only a "short amount of time . . . has passed since the Fifth Circuit's previous decisions regarding the secondary meaning issue." *Id.* at 27. On appeal, the Fifth Circuit affirmed, finding that there had been no significant intervening factual change "post-2003." *See Robin Singh Educ. Servs. Inc. v. Excel Test Prep Inc.*, 274 F. App'x 399, 406 (5th Cir. Apr. 16, 2008) ("*Excel* case").

---

[4]     Haku Israni, the founder of TES, is a co-owner of Excel. Vivek Israni, the current owner and president of TES, is Haku Israni's son.

A couple of months later, in June 2008, TES filed this lawsuit alleging trademark infringement and various other claims. Defendants filed counterclaims, including trademark infringement and claims under the laws of several states other than Texas. No Texas state law claims were asserted.

After protracted discovery involving numerous disputes, the parties filed summary judgment motions on certain limited, yet dispositive, issues. The Court held, *inter alia*, that Defendants' trademark infringement counterclaims were barred by collateral estoppel. Defendants have now moved for reconsideration, TES has moved for relief from judgment, and Defendants have filed a motion for leave to amend their counterclaims. Briefing on all motions was completed on February 10, 2013, and the pending motions are now ripe for decision.

## II.   <u>STANDARD FOR RECONSIDERATION</u>

Rule 59(e) of the Federal Rules of Civil Procedure permits a litigant to file a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). "A motion for reconsideration is treated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within twenty-eight days after the original judgment." *Steward v. City of New Orleans*, 537 F. App'x 552, 554 (5th Cir. Aug. 2, 2013).

Reconsideration of a judgment is an "extraordinary remedy that should be used sparingly," and Rule 59(e) serves a "narrow purpose" of allowing a party to bring

errors or newly discovered evidence to the Court's attention. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  A litigant seeking relief under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agr. & Mech. Coll.*, 452 F. App'x 495, 499 (5th Cir. 2011) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quotation marks and citation omitted)).  A Rule 59(e) motion "cannot be used to argue a case under a new legal theory." *Id.* (citing *Ross*, 426 F.3d at 763).

## III.   ANALYSIS OF SINGH'S MOTION

### A.   Collateral Estoppel

Singh requests reconsideration of the Court's ruling that Singh is collaterally estopped to prove secondary meaning in this lawsuit.  The first basis for Singh's request for reconsideration is that the Court "held" that Singh has secondary meaning in the LSAT preparation market and, therefore, collateral estoppel cannot apply.  The Court did not find as a factual matter or reach a legal conclusion that Singh established secondary meaning in the LSAT preparation market.  As a result, Singh is not entitled to reconsideration on this basis.

Although couched as arguments regarding the Court's misunderstanding of Fifth Circuit legal authority and the evidence in the record, Singh's other arguments

on the collateral estoppel issue are fundamentally a disagreement with the Court's ruling.  Singh argues that the Court misunderstood the Fifth Circuit's ruling in *TestMasters II* because the Court rejected business growth as a significant intervening change.  The Court did not, however, reject business growth as a factor to consider when deciding whether there had been a significant intervening change.  Instead, as the Fifth Circuit did in *TestMasters II*, 428 F.3d at 576, and in *Excel*, 274 F. App'x at 406, this Court held that business growth was not dispositive.  Prior to issuing its April 2013 Memorandum and Order, the Court carefully reviewed the evidence and arguments presented by the parties, as well as Fifth Circuit legal authority.  Based on this review, the Court concluded that Singh was collaterally estopped at this time to assert that it has established secondary meaning in its use of the Mark.  Singh's Motion for Reconsideration of that ruling is **denied**.[5]

---

[5]  In connection with its Motion for Reconsideration of the Court's ruling on the collateral estoppel issue, Singh argues that the Court "misunderstood the doctrine of substantially exclusive use."  *See* Singh's Motion, pp. 19-20.  Singh's argument is based on an objection to one of the Court's footnotes:

> TES argues that if its use of the Mark is not substantially exclusive due to Singh's use, then Singh's use is likewise not substantially exclusive due to TES's use.  The Court agrees.

April 2013 Memorandum and Order, p. 20 n.9.  Singh takes this footnote entirely out of context.  This footnote related to the Court's analysis of whether TES had established secondary meaning, and did not address the collateral estoppel issue.  Moreover, the Court did not require either party to prove "totally exclusive use," as Singh argues.

### B.      Trademark for LSAT Test Preparation Course Market

The Court held that Singh is collaterally estopped to assert that its use of the Mark has acquired secondary meaning, *see* April 2013 Memorandum and Order at pp. 27-31, and the Court has herein denied Singh's request for reconsideration of that ruling.   Nonetheless, in the interest of a complete record, the Court will address Singh's argument that its Amended Counterclaims included a claim for trademark protection in the LSAT test preparation course market and that, based on its proof of secondary meaning in a "subset" of markets, namely the LSAT market, it is entitled to trademark protection in that subset market and for all related goods and services. Singh claims that the allegations in the Amended Counterclaims "encompass secondary meaning in **any** market or submarket in which Singh does business as TESTMASTERS." Singh's Motion, p. 4 (emphasis in original).  Singh further argues that its pleadings throughout this case did not require it to prove secondary meaning for all standardized tests in all subject areas.  *See id.* at 3-4, 6, *passim*.

The Court notes initially that Singh never pleaded a claim for trademark protection in the LSAT market in particular, or in any other submarket.  Instead, Singh consistently sought a declaration that it is the rightful owner of the Testmasters Mark, "naming TES as an excepted user in the state of Texas, with a modification limiting Singh's registration to the District of Columbia and every state except Texas." *See*

Amended Counterclaims [Doc. # 44], ¶ 129.  Singh sought a permanent injunction precluding TES from using the Mark "in any manner in connection with TES's test preparation services or any other related services and products outside the state of Texas."  *See id.*, Prayer for Relief, ¶ A.  Although Singh specifically sought to limit its claimed trademark geographically, it made no similar allegation that it sought or would accept a trademark limited by subject matter.  Singh's assertion that it is entitled to the Mark for LSAT preparation courses is not supported by Singh's pleadings.

Additionally, the assertion is not supported by Singh's conduct throughout this litigation.  Singh repeatedly, persistently, and exclusively sought full rights in the Mark for all subject matter areas and in all geographic areas except Texas.  At no point during this lawsuit – prior to this Court's April 2013 ruling – did Singh indicate an interest in more limited trademark rights.  Indeed, in its Reply in support of its Motion to Amend, Singh states that its proposed amendments contain no limitation of the requested trademark to LSAT courses only.  *See* Reply [Doc. # 235], p. 1.  The Court finds without reservation that Singh asserted no claim in this case for a trademark in the LSAT test preparation course market, rather than a trademark that is unlimited as to the subject matter of the test preparation courses.

Singh argues also that because "the Court found" that Singh had proven secondary meaning in the LSAT preparation market, Singh is entitled to judgment against TES for its use of the Mark in the LSAT market "***and*** all related goods and services." *See* Singh's Motion, p. 8 (emphasis in original). The Court did not, however, find that Singh had proven secondary meaning in the LSAT preparation market. Instead, in finding that ***TES had failed to demonstrate*** secondary meaning on a nationwide basis for all test preparation courses, the Court stated the following:

> TES's evidence *seems to indicate* that the "Testmasters" mark has acquired secondary meaning and identifies TES as the source of preparation courses for professional engineering examinations. Likewise, Singh's evidence *seems to indicate* that the "Testmasters" mark has acquired secondary meaning and identifies Singh as the source of LSAT preparation courses.

April 2013 Memorandum and Order, pp. 25-26 (emphasis added). The Court did not find that either party actually had proven secondary meaning in the Mark for test preparation courses in a specific subject matter; indeed, that issue was not before the Court for decision because both parties sought trademarks unlimited by subject matter. Additionally, the Court did not address whether Singh had proven that its use of the Mark had acquired secondary meaning because the issue was barred by collateral estoppel. Singh's arguments based on the assertion that the Court "found" that Singh had proven secondary meaning in any particular subject matter area are refuted by the record and without merit.

Even if Singh were not collaterally estopped to assert that its use of the Mark had acquired secondary meaning, the Court concludes that Singh is not entitled to reconsideration based on its assertion that its Amended Counterclaims included a claim for trademark protection in the LSAT test preparation course market. Singh did not seek trademark rights in the Mark for use only in the LSAT market, and the Court rejects Singh's arguments based on its position that the Court "found" that Singh had proven secondary meaning in the LSAT or any other market.

### C.   **Alleged Factual Errors**

Singh asserts that the Court's April 2013 Memorandum and Order contains factual errors. The Court finds Singh's criticisms unfounded. First, most of the challenged statements are factually accurate. Second, none is material to the Court's decisions against Singh. For example, the Court stated that both parties had "spent millions of dollars on advertising since 2004." *See* April 2013 Memorandum and Order, p. 22. Singh objects to this statement because it spent *more* on advertising than TES. The Court's statement is accurate. Moreover, the Court's statements regarding the amount and manner of advertising, evidence of consumer confusion, the parties' national reputations, and the parties' use of the Mark in newspapers and magazines were made in connection with the Court's analysis of TES's assertion that it had established secondary meaning in the Mark, an assertion the Court rejected, thus

ruling in Singh's favor.[6]  It is unclear why Singh seeks reconsideration of these statements.  In any event, Singh has failed to demonstrate a manifest error of law or fact in the Court's April 2013 Memorandum and Order, and its Motion for Reconsideration is denied.

## IV.   ANALYSIS OF TES'S MOTION

TES notes correctly that the Court's April 2013 Memorandum and Order did not rule on or otherwise dispose of any issues relating to Singh's alleged violation of Judge Gilmore's Permanent Injunction.  On that basis, TES requests that the Court's ruling be without prejudice.  The Court denies TES's request as overly broad.  For clarification, however, the final judgment on the federal claims addressed in the Court's April 2013 Memorandum and Order will reflect that issues regarding Judge Gilmore's Permanent Injunction are not the subject of this Court's ruling.

## V.   SINGH'S MOTION TO AMEND COUNTERCLAIMS

Notwithstanding the Court's ruling that Singh is collaterally estopped to argue that its use of the Mark has acquired secondary meaning, Singh argues primarily in

---

[6]   The statements were made in connection with the Court's review of the Trademark Trial and Appeal Board's denial of TES's applications for nationwide registration of the Mark.  When conducting this review, the district court is the fact-finder.  *See Bd. of Regents of Univ. of Wisconsin Syst. v. Phoenix Int'l Software, Inc.*, 653 F.3d 448, 452 (7th Cir. 2011); *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 674 (7th Cir. 2001); *Swatch, S.A. v. Beehive Wholesale, L.L.C.*, 888 F. Supp. 2d 738, 745 (E.D. Va. 2012); *Creative Arts by Calloway, LLC v. Brooks*, 2012 WL 6732907, *3 (S.D.N.Y. Dec. 27, 2012).

its Motion for Reconsideration that nothing in the Amended Counterclaims precluded it from obtaining a trademark in the "TestMasters" Mark for LSAT test preparation courses as a subset of a broader trademark.  As an alternative, Singh seeks leave to file Second Amended Counterclaims.  Singh argues, pursuant to Rule 15(b)(2) of the Federal Rules of Civil Procedure, that the issue of a trademark for LSAT preparation courses was "tried" by consent.  Singh also seeks leave to amend its counterclaims pursuant to Rule 16(b).

### A.    Rule 15(b)(2)

"When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings."  FED. R. CIV. P. 15(b)(2).  Singh argues that its claim for a trademark for LSAT preparation courses was tried by implied consent.  Trial by implied consent "is not lightly to be inferred under Rule 15(b), [and] such inferences are to be viewed on a case-by-case basis and in light of the notice demands of procedural due process."  *Triad Elec. & Controls, Inc. v. Power Sys. Eng'g, Inc.*, 117 F.3d 180, 193–94 (5th Cir. 1997) (quoting *Jimenez v. Tuna Vessel Granada*, 652 F.2d 415, 422 (5th Cir. 1981)).  Where, as here, the pleadings do not contain a claim, "that claim may still proceed if the record contains sufficient evidence to convince the court that the parties consented to the adjudication of the issue."  *See In re Positive Health Mgmt., Inc.*, 2012 WL

3929900, *2 (S.D. Tex. Sept. 7, 2012) (quoting *Elder Offshore Leasing, Inc. v. Bolivarian Republic of Venezuela*, 297 F. App'x 351, 355 (5th Cir. Oct. 22, 2008) (citing *Am. Standard Credit, Inc. v. Nat'l Cement Co.*, 643 F.2d 248, 257 n. 4 (5th Cir. 1981))).  Where both parties "squarely address" a claim in their summary judgment briefing, the Court may conclude that the parties tried the issue by consent.  *See Handzlik v. U.S.*, 93 F. App'x 15, 17 (5th Cir. Feb. 13, 2004).

In this case, Singh has failed to demonstrate that the parties tried the LSAT-only trademark by consent.  Although Singh's evidence related primarily, if not exclusively, to the LSAT test preparation market, Singh repeatedly offered the evidence to support its claim for a trademark covering all test preparation subjects and in opposition to TES's claim for an unlimited trademark.  Singh did not request anywhere in its summary judgment briefing, and the Court did not address, whether Singh met its burden to prove entitlement to LSAT-only trademark protection.  TES, not being on notice of Singh's desire for an LSAT-only trademark, did not "squarely address" such a claim, and the Court did not reach it.  In sum, there is no indication that TES or this Court understood that Singh was seeking a ruling that it has trademark protection for LSAT test preparation courses specifically.  The Court finds that the parties did not try the LSAT-only claim by consent and, as a result, Singh's reliance on Rule 15(b)(2) is unavailing.

**B.**    **Rule 16(b)**

The deadline for amendments to pleadings in this case was August 26, 2011,

well more than two years before Singh filed its Motion to Amend.  *See* Docket

Control Order [Doc. # 42].  Where a scheduling order has been entered establishing

a deadline for amendments to pleadings, Federal Rule of Civil Procedure 16(b)(4)

provides the standard for requests to amend after a scheduling order's deadline has

expired.  *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333-34 (5th Cir. 2012);

*Marathon Fin. Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim*

*v. Marriott Hotel Servs., Inc*., 551 F.3d 344, 348 (5th Cir. 2008).  "Rule 16(b)

provides that once a scheduling order has been entered, it 'may be modified only for

good cause and with the judge's consent.'"  *Marathon*, 591 F.3d at 470 (quoting FED.

R. CIV. P. 16(b).  Rule 16(b) requires a party "to show that the deadlines cannot

reasonably be met despite the diligence of the party needing the extension."  *Id.*

(quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th

Cir. 2003)).  To determine whether the moving party has established good cause, the

Court considers the following four factors:  "(1) the explanation for the failure to

timely move for leave to amend; (2) the importance of the amendment; (3) potential

prejudice in allowing the amendment; and (4) the availability of a continuance to cure

such prejudice." *Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)); *see also Serv. Temp*, 679 F.3d at 334.

Singh argues that it could not have discovered the need to amend before the amendment deadline because it believed its First Amended Counterclaims included a claim for trademark protection specifically for the Mark as used in connection with LSAT preparation courses.  The Court finds this explanation unpersuasive.  Singh asserted and argued persistently throughout this lawsuit for a nationwide (except Texas) trademark for *all* subject areas.  There is no pleading or oral argument prior to the Court's April 2013 ruling in which Singh indicated to the Court that it was seeking a more limited trademark.  Consequently, Singh has failed to offer an adequate explanation for its failure to amend its counterclaims by the August 2011 deadline. *See Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) (per curiam) (denying leave to amend under Rule 16(b) where plaintiff failed to demonstrate why a legal theory was not asserted in a previous motion to amend); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340-41 (2d Cir. 2000) (denying leave to amend under Rule 16(b) where plaintiff "had all the information necessary" to support the new claim at the time he filed the lawsuit).

The Court agrees that the proposed amendment is important to Singh, whose request for a trademark for test preparation courses for all subjects has been denied.

The importance to Singh is substantially outweighed, however, by the potential prejudice to TES.  It would be fundamentally unfair to allow Singh to change its strategy after discovery has closed and after the Court has ruled on dispositive motions.  Allowing the amendment would require discovery to be reopened, would likely result in additional dispositive motions, and would significantly delay the final resolution of this dispute.  Although a continuance could remedy any prejudice caused by the delay, it would not remedy the increased expense caused by the need to conduct additional discovery and file and brief additional dispositive motions.  Moreover, this case was filed in 2008 and the Court is not inclined to modify its Docket Control Order at this extremely late stage.

The Court concludes that Singh has failed to demonstrate good cause for leave to file the requested amendment years after the deadline for amendments expired.  Therefore, the Court denies leave to amend.

## VI.    **CONCLUSION AND ORDER**

Based on the foregoing, Singh and TES have failed to demonstrate that rulings in the Court's April 2013 Memorandum and Order were incorrect.  For purposes of clarification, however, the Court will state affirmatively in the final judgment that all issues relating to Singh's alleged violation of the Permanent Injunction issued by Judge Gilmore were not reached by this Court's April 2013 Memorandum and Order.

The Court concludes also that Singh has failed to demonstrate that the issue of a more limited trademark was tried by consent, and has failed to demonstrate good cause pursuant to Rule 16 for allowing an amendment at this very late stage of a case that was filed in June 2008.  Accordingly, it is hereby

**ORDERED** that Singh's Motion for Reconsideration [Doc. # 224], TES's Motion for Relief from Judgment [Doc. # 230], and Singh's Motion to Amend [Doc. # 229] are **DENIED**.  The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **21**st day of **February, 2014**.

Nancy F. Atlas
United States District Judge